UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EDDY MARTINEZ, | : | Honorable Madeline Cox Arleo |
| Plaintiff, | : | Civil Action No. 06-4070 (JAG) |
| -v- | : |  |
| PASSAIC COUNTY SHERIFF'S DEPARTMENT, SHERIFF JERRY SPEZIALE, CHARLES MYERS, DEANDRE ESTIBESON, EDUARDO QUERO, TOMAS RODRIQUEZ, JOHN DOE (1-5) (fictitious names for unknown sheriff's officers), Defendant(s), | : | REPORT AND RECOMMENDATION |

## BACKGROUND

This is a civil action brought by Plaintiff, Eddy Martinez ("Mr. Martinez"), alleging that Defendants, Deandre Estibeson and Tomas Rodriquez, maliciously and outrageously assaulted and battered him while he was in the custody of Defendant Passaic County Sheriff's Department. Mr. Martinez further alleges that Defendants, Jerry Speziale and Charles Myers, negligently failed to provide training and supervision regarding the security of prisoners at the Passaic County Jail.

Plaintiff filed his Complaint in the United States District Court for the District of New Jersey on August 24, 2006. Defendants, County of Passaic, Passaic County Sheriff's Department, Sheriff Speziale, and Warden Myers, filed their Answers to the Complaint on March 19, 2007. A Letter

Order was entered by this Court on March 26, 2007 setting a scheduling conference for May 3, 2007. Pursuant to that Letter Order, Defendants submitted their discovery proposals on or about April 23, 2007. Following the May 3, 2007 scheduling conference, this Court entered a Pretrial Scheduling Order on May 8, 2007 setting a discovery end date of October 1, 2007. A status conference was held on August 9, 2007 where Plaintiff's counsel, Jay Lowenstein ("Mr. Lowenstein") indicated that he was having difficulty locating his client, and was therefore unable to provide discovery. This court granted Plaintiff's counsel until August 30, 2007 to provide discovery or make the appropriate motion to be relieved as counsel.

Prior to the close of discovery, on September 4, 2007, defense counsel submitted a letter to this Court indicating that Plaintiff had not yet produced answers to interrogatories or Rule 26 disclosures. Thereafter, on September 11, 2007, this Court issued an Order to Show Cause, which was returnable on September 28, 2007. The Order directed Plaintiff to show cause why sanctions should not be imposed for having failed to provide discovery. Plaintiff was forewarned that failure to appear at the September 28, 2007 hearing would result in sanctions up to and including a dismissal of the Complaint. Plaintiff was directed to file any written submissions with the Court by September 21, 2007.

A second Order to Show Cause was issued by this Court on September 14, 2007, which was returnable on October 11, 2007. The Order directed Plaintiff's counsel to show cause why monetary/reprimand sanction should not be imposed pursuant to Rules 16 and 37 for having failed to provide discovery and/or file a motion to be relieved as counsel as represented to the Court. By way of letter dated October 10, 2007, Plaintiff's counsel requested an adjournment of the return date. The Order to Show Cause was rescheduled for October 18, 2007. He was directed to file any

written submissions with the Court by October 4, 2007.

On October 17, 2007, Mr. Lowenstein, Plaintiff's counsel, submitted a certification in opposition to the Order to Show Cause, which indicated that he had not heard from his client, Mr. Martinez, during the pendency of this action and that he attempted to contact Mr. Martinez through Mr. Martinez's criminal defense attorney. Mr. Lowenstein also indicated in his certification that he unsuccessfully attempted to locate Mr. Martinez through the New Jersey State Department of Corrections. Mr. Lowenstein's inquiry of the Federal Department of Corrections database also proved unsuccessful. Finally, Mr. Lowenstein sent letters to Mr. Martinez on April 4, 2007 and July 26, 2007 at his 336 Madison Avenue, Paterson, New Jersey address, neither of which were answered.

Although Mr. Lowenstein submitted his certification in response to this Court's Order to Show Cause, he did not file a motion to be relieved as counsel at that time. On January 3, 2008, this Court entered a Letter Order scheduling an in-person conference on January 9, 2008. Attendance was mandatory.

Mr. Lowenstein filed a Notice of Motion to be relieved as counsel on January 9, 2008, which was returnable on January 25, 2008. The motion was unopposed. This Court entered a Letter Order on January 23, 2008 finding that good cause existed within the contemplation of R.P.C. 1.16(b)(6) for withdrawal of counsel from this case, and accordingly granted Mr. Lowenstein's motion. This Court further ordered that if new counsel was secured and an appearance was not entered by February 4, 2008, Mr. Martinez would be deemed to be proceeding on a pro se basis.

On February 6, 2008, this Court issued an Order to Show Cause, which was returnable on March 10, 2008. The Order directed Mr. Martinez to show cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f) for failure to attend the Court ordered

3

scheduling conference on February 6, 2008. Mr. Martinez was directed to file any written submissions by March 3, 2008. On March 10, 2008, Mr. Martinez failed to appear at the hearing. To date, Mr. Martinez has not contacted the Court.

## DISCUSSION

Ms. Martinez's failure to prosecute this action and respond to this Court's Orders to Show Cause requires this Court to determine the appropriate sanctions to be imposed. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id. Each factor will be discussed in turn.

1. The Extent of the Party's Personal Responsibility

First, it is clear that Mr. Martinez has been unwilling to assist in the prosecution of this action. Ms. Martinez's failure to comply with the Orders of this Court and the Federal Rules of Civil Procedure demonstrate his personal lack of responsibility in prosecuting his claims. Accordingly, such conduct weighs in favor of dismissal.

2. Prejudice to the Adversary

Second, Mr. Martinez's failure to personally contact his counsel and attend Court ordered scheduling conferences made it impossible for his former attorney and presently this Court to

determine his interest in pursuing this action. I am satisfied that Defendants have been prejudiced by Mr. Martinez's failure to prosecute this case and comply with this Court's Orders.

### 3. A History of Dilatoriness

Third, Mr. Martinez's actions indicate a history of non-compliance. As noted above, Mr. Martinez's former counsel has made several attempts to contact his client to ascertain his desire to continue pursuit of his claims against Defendants and proceed to trial. Furthermore, Mr. Martinez has failed to attend a status conference as directed by this Court in its January 24, 2008 Letter Order or appear at the hearing on this Court's February 6, 2008 Order to Show Cause.

### 4. Whether the Attorney's Conduct was Wilful or in Bad Faith

Fourth, Mr. Lowenstein has indicated to this Court, through appearances and his certification, that he acted in good faith. Mr. Lowenstein exhausted all possible remedies in attempting to contact Mr. Martinez during the pendency of this action. Mr. Martinez has not provided his attorney or this Court with any justification for his non-compliance in this matter. Indeed, Mr. Martinez has failed to have any contact with this Court, following Mr. Lowenstein's withdrawal as counsel in this case. I am satisfied that Mr. Martinez has made a willful decision not to litigate this civil action as demonstrated by his pattern of dilatoriness and lack of cooperation.

### 5. Alternative Sanctions

Fifth, alternative sanctions would not be appropriate. Mr. Martinez has demonstrated an apparent lack of desire to prosecute this civil action.

### 6. Meritoriousness of the Claim

Finally, as to the sixth factor, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

A balancing of the Poulis factors weighs in favor of dismissing this action with prejudice. Not all of the Poulis factors need to be satisfied in order to enter a dismissal. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, Mr. Martinez failed both to prosecute this action and to comply with Orders of this Court. Therefore, the sanction of dismissal is merited.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiffs' Complaint be dismissed with prejudice. The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated: April 4, 2008

Orig.: Clerk of the Court
cc:  Hon. Joseph A. Greenaway, Jr., U.S.D.J.
     All Parties
     File